IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICHELLE LECHUGA, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:19-cv-05989 |
| v. | ) ) Hon. Rebecca R. Pallmeyer |
| GREAT AMERICAN POWER, LLC., | ) ) ) |
| Defendant. | |

**DEFENDANT GREAT AMERICAN POWER, LLC'S**
**MOTION TO TRANSFER PURSUANT TO FIRST-TO-FILE RULE**

Defendant Great American Power, LLC ("Great American"), by and through its undersigned attorneys, hereby respectfully moves this Court for an order transferring this matter pursuant to the first-to-file rule to the United States District Court for the Northern District of Georgia, and in support states as follows:

1. On September 9, 2019, Plaintiff Michelle Lechuga filed the complaint in this matter against Great American (ECF No. 1) ("*Lechuga* Complaint"). The *Lechuga* Complaint alleges that Great American violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") by placing or causing the placement of "calls without the prior express consent of Plaintiff to Plaintiff's cellular telephone number ending in 2896 utilizing an ATDS without Plaintiff's prior express written consent." *Lechuga* Complaint ¶ 54. Plaintiff alleges that these calls were placed on the following dates: February 6, 2019; March 20, 2019; July 17, 2019; and July 19, 2019. *Id.* ¶¶ 22, 24, & 28.

2. This case, however, is a copycat of a lawsuit filed several months earlier, on May 29, 2019, in the United States District Court for the Northern District of Georgia. *See* Ex. 1, Complaint,

*Frey et al. v. Great American Power, LLC et al.*, Case No. 1:19-cv-02450-SDG (N.D. Ga.) (ECF No. 1) ("*Frey* Complaint").

3. In the *Frey* action, Great American filed its Answer and Affirmative Defenses to the Complaint on August 26, 2019 and served its initial disclosures on September 30, 2019. Plaintiffs and Great American have each served interrogatories and requests for production of documents.

4. The *Frey* matter also names another defendant, New Wave Power, LLC ("New Wave"), a vendor retained by Great American to provide certain marketing-related services. New Wave filed its Answer to the *Frey* Complaint on January 6, 2020. The parties in *Frey* held a Rule 26(f) conference on January 8, 2020, and they will file their Joint Preliminary Report and Discovery Plan by January 17, 2020.

5. In this case, Great American was served with the *Lechuga* Complaint on September 13, 2019, after Great American had already filed its Answer and Affirmative Defenses in *Frey*. Although New Wave was not specifically named as a defendant in the *Lechuga* Complaint, the *Lechuga* Complaint refers generally to vendors purportedly used by Great American for various marketing services. *See, e.g.*, *Lechuga* Compl. ¶ 9 (alleging that "Defendant utilizes third party vendors to market its services.").

6. Great American has not yet answered or otherwise responded to the *Lechuga* Complaint because, since the filing of the Complaint, the parties have been engaged in a lengthy informal exchange of information in pursuit of an early resolution of this matter. Progress was initially slower than either party had hoped, at least in part because some of the information at issue was in the possession of third parties.

7. To give the parties sufficient opportunity to resolve this matter, Great American filed several unopposed motions to extend the time for it to answer or otherwise respond to the complaint

and to reset the initial status conference (ECF Nos. 9, 13, & 16), which the Court granted (ECF Nos. 12, 15, & 18).

8. Great American expected that the parties would be able to resolve this matter without expending significant additional resources, including those of the Court. As Great American advised Plaintiff's counsel, and as stated in a sworn affidavit from Great American's Director of Operations, Great American was ***not*** engaged in any outbound telemarketing campaigns in the state of Illinois – either directly or through any vendor – during any of the dates identified in the *Lechuga* Complaint. In other words, Great American did not make, or authorize any third-party to make, any of the outbound sales calls that Plaintiff claims to have received on February 6, 2019, March 20, 2019, July 17, 2019, or July 19, 2019. Ex. 2, Declaration of Jessica M. Evans (Oct. 10, 2019).[1]

9. Great American had believed, based on its discussions with Plaintiff's counsel and the provision of information and a sworn statement showing that it did not make, and could not have made, the calls about which Plaintiff Lechuga complains, that the requested extensions would permit the parties to resolve the matter informally before expending significant resources engaging in parallel proceedings (including, likely, motion practice) and (among other things) meeting their respective obligations under Rule 26(a) and (f). Great American had also hoped that an early resolution would spare the Court from having to expend its own resources in connection with a Rule 16 scheduling conference and motion practice where another federal district court is already engaged on identical issues and claims in a substantially identical matter pending in federal court in Georgia. Unfortunately, however, the parties have been unable to informally resolve the dispute, and Plaintiff is now suggesting that she may try to amend her pleading to allege additional/different

---

[1] Plaintiff had indicated that she would provide phone records that would somehow show that a representative of Great American had, in fact, contacted her cellular phone. To date, however, Plaintiff has not provided any such records, and Great American has no records indicating that it or any of its vendors ever spoke to Plaintiff, including at the cellular number Plaintiff provided.

TCPA claims. Because Great American now anticipates that this litigation may continue, Great American files this motion to transfer pursuant to the first-to-file doctrine.

10. Under the first-to-file doctrine, courts have the "inherent power to administer their documents so as to conserve scare judicial resources by avoiding duplicative litigation." *Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *3 (N.D. Ill. Feb. 15, 2012) (internal citations and quotations omitted). The doctrine authorizes courts to "dismiss, transfer, or stay a second-filed case" in order "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Id.* (internal citations and quotations omitted). Generally, suits are "duplicative if the claims, parties, and available relief do not significantly differ between the two actions," meaning that the "parties, claims, and available relief substantially overlap between the two actions, even if they are not identical." *Nicholson v. Nationstar Mortgage LLC of Delaware*, No. 17-cv-1373, 2018 WL 3344408, at *5 (N.D. Ill. July 6, 2018) (internal citations and quotations omitted). In addition to the fact that "the general rule favors the forum of the first-filed suit," when courts "compar[e] the similarity of the parties in two putative class actions, the focus of the substantially similar inquiry is on the putative class members rather than the named plaintiffs themselves." *Id.* at *4-5. Moreover, "there need not be complete congruence of the issues among cases to invoke the first-to-file rule: there only needs to be substantial overlap of the issues between them for the rule to apply." *Id.* at *7.

11. The first-to-file rule supports the requested transfer of this action. *First*, the same issues and allegations are present in both cases. Specifically, in both cases, the plaintiffs allege that Great American and/or a vendor purportedly acting on behalf of Great American placed or caused to be placed unauthorized calls to the plaintiffs' mobile phones using ATDS without their prior express written consent. *Compare Lechuga* Compl. ¶ 54 *with* Ex. 1, *Frey* Compl. ¶ 120. *Second*, the

putative class in *Lechuga* is entirely duplicative of (and subsumed by) the putative "Autodialed Class" in *Frey*. *Compare Lechuga* Compl. ¶ 35 *with* Ex. 1, *Frey* Compl. ¶ 108. *Third*, the parties are substantially identical in each case insofar as the Lechuga Plaintiff and proposed class are alleged members of the proposed "Autodialed Class" in *Frey* as defined, and Great American and New Wave are the only defendants in either case (and Great American is a defendant in both). Because Great American has not yet filed an Answer or otherwise responded to *Lechuga* Complaint, the claims in this lawsuit can be readily rolled into *Frey* in the United States District Court for the Northern District of Georgia. The consolidated matter can then proceed expeditiously before the same court, avoiding potentially inconsistent rulings and wasting court – and party – resources. *Fourth*, because this case is still in its earliest stages, transferring it will only serve judicial economy, conserve resources, and prevent duplicative efforts by one federal court when before another federal court a substantially-identical case is already well under way. Resolution of duplicative legal and factual issues would be more efficient and consistent if resolved by a single court in the first-filed jurisdiction.

12. Great American has reached out to Plaintiff's lead counsel, Mohammed Badwan, to determine whether Plaintiff would stipulate to the proposed transfer. Mr. Badwan's colleague, Joseph Davidson, responded to Great American's inquiry by advising that Mr. Badwan is out of the country until January 14, 2020. In Mr. Badwan's absence, Mr. Davidson was not able to state whether Plaintiff will stipulate to the transfer requested in this motion.

13. Great American's Answer or other response to the *Lechuga* Complaint is due Friday, January 17, 2020. ECF No. 18. Out of an abundance of caution, therefore, Great American is filing this motion today and noticing it for presentment on Wednesday, January 15, 2020.

WHEREFORE, Defendant Great American Power, LLC respectfully requests that, pursuant to the first-to-file rule applicable in this District, the Court enter an Order transferring this matter to the United States District Court for the Northern District of Georgia to be consolidated with the pending *Frey* matter. Great American Power, LLC respectfully requests such other, further relief as this Court deems proper.

                                                      Respectfully submitted,

Dated: January 13, 2020

/s/ Livia M. Kiser
Livia M. Kiser
Rachael M. Trummel
KING & SPALDING LLP
353 N. Clark Street, 12th Floor
Chicago, Illinois 60654
P: +1 312 995 6333
lkiser@kslaw.com
rtrummel@kslaw.com

*Attorney for Defendant*
*Great American Power, LLC*

## CERTIFICATE OF SERVICE

    I, Livia M. Kiser, hereby certify that I caused a copy of the foregoing to be filed using the Court's CM/ECF system on this 13th day of January 2020, which shall automatically serve a copy on Plaintiffs' counsel of record.

                                                                /s/ Livia M. Kiser
                                                                    Livia M. Kiser